No. 16-16659

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

_____

MANUEL DE JESUS ORTEGA MELENDRES, on behalf

of himself and all others similarly situated, et al.,

Plaintiffs – Appellees,

UNITED STATES OF AMERICA,
Intervenor-Plaintiff-Appellee,

v.

JOSEPH ARPAIO, et al.,

Appellants,

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA AT PHOENIX

No. 2:07-CV-02513 (Honorable G. Murray Snow, United States District Judge)

_____

**APPELLANT SANDS' MOTION TO EXTEND BY THREE DAYS THE TIME TO RESPOND TO THE UNITED STATES OF AMERICA'S MOTION TO DISMISS APPELLANT BRIAN SANDS' APPEAL AS MOOT**

_____

M. Craig Murdy (State Bar No. 011016)
Email: Craig.Murdy@lewisbrisbois.com
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
2929 North Central Avenue, Suite 1700
Phoenix, Arizona 85012-2761
Telephone (602) 385-1040
*Attorneys for Non-Party Appellant Brian Sands*

Pursuant to Fed. Rules App. Proc. 26(b) Appellant Brian Sands respectfully requests that this Court enter an Order:

1.     Extending the time for him to file a response to Intervenor United States of America's Motion to Dismiss by three days.

The USA's Motion to Dismiss was filed on May 25, 2017. DktEntry 21-1. Pursuant to Fed. Rules App. Proc. 26 a response was due within 10 days, i.e. June 4, 2017. Pursuant to Fed. Rule App. Proc. 26(a)(1)(C), due to the fact that June 4 was a Sunday, Sands' response was due Monday June 5, 2017. Due to an error by Sand's counsel an additional 3 days were added to the response due date. However, Fed. Rule App. Proc. 26(c) provides that papers served electronically are treated as being delivered on the date of service stated in the proof of service. Consequently, the adding of the three days to the response time was an error.

Rule 26(b) provides that for good cause, this Court may extend the time prescribed by these rules. Sands would submit that good cause exists for the extension of three days in which to file his response to the USA's Motion to Dismiss. The response was filed a mere three days late, and the USA will have suffered no prejudice. The exercise of discretion in extending time is especially appropriate where there is no suggestion of prejudice. *Hutchison v. Pfeil,* 211 F.3d 515, 517 n. 1 (10th Cir. 2000), and *Hammett v. Seastrunk*, 365 F.2d 232, 233 n. 2 (4th Cir. 1966). *But cf. Mollura v. Miller,* 621 F.2d 334 (9th Cir. 1980) (under the circumstances bill

of costs filed 28 days late due to inadvertent calendaring mistake did not establish good cause).

Sands' response to the USA's Motions to Dismiss will also seek affirmative relief of vacatur if this Court deems his appeal moot.

Pursuant to Circuit Rule 27-1 counsel for Sands communicated with USA's counsel as to the USA's position with regard to the motion to extend the response time to the USA's Motion to Dismiss. Counsel for the USA indicated that the USA "was taking no position on your untimely motion for an extension to respond to the government's motion to dismiss."

Sands will also be filing a contemporaneous motion to extend the time to respond to Plaintiffs – Appellees' Motion to Dismiss by seven days. Sands' response to Plaintiffs – Appellees' Motion to Dismiss is currently due June 12, 2017. Pursuant to Circuit Rule 27-1 counsel for Sands communicated with Plaintiffs – Appellees' counsel as to the Plaintiffs – Appellees' position with regard to the motion to extend the response time to Plaintiffs – Appellees' Motion to Dismiss. Plaintiffs – Appellees counsel indicated that they "agree[ed] to a 7 day extension provided we are all in agreement that the motion to dismiss appeal stays the merits briefing (our response brief and your reply) pursuant to Ninth Circuit Rule 27-11." Sands is in agreement that Circuit Rule 27-11 stays the merits briefing pending this Court's disposition of the motions to dismiss.

Sands would submit that under the circumstances filing a response to the USA's Motion to Dismiss three days late, especially in the absence of any prejudice, and that fact that Plaintiffs – Appellees have also filed a motion to dismiss and have agreed to a seven day extension is sufficient good cause.

In light of the foregoing points and authorities, Sands respectfully requests that this Court enter an Order:

1. Granting him a three day extension until June 8, 2017 in which to file a response to the USA's Motion to Dismiss (DktEntry 21-1).

RESPECTFULLY SUBMITTED this 8th day of June, 2017.

                      **LEWIS BRISBOIS BISGAARD & SMITH LLP**

                      By /s/ Craig Murdy
                         M. Craig Murdy (State Bar No. 011016)
                         Email: Craig.Murdy@lewisbrisbois.com
                         2929 N. Central Avenue, Suite 1700
                         Phoenix, Arizona 85012-2761
                         Telephone (602) 385-1040
                         Attorneys for Non-Party Appellant Brian Sands

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 8th day of June, 2017, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

I certify that all participants in the case are registered CM/ECF user, and service will be accomplished by the appellate CM/ECF system.


By /s/ M. Craig Murdy