IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

_____

No. 16-16659

MANUEL DE JESUS ORTEGA MELENDRES, *et al.*,

Plaintiffs-Appellees

and

UNITED STATES OF AMERICA,

Intervenor-Plaintiff-Appellee

v.

MARICOPA COUNTY; JOSEPH M. ARPAIO,

Defendants
_____

BRIAN SANDS,

Movant-Appellant
_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA
_____

UNITED STATES' REPLY IN SUPPORT OF ITS MOTION TO DISMISS
MOVANT-APPELLANT BRIAN SANDS' APPEAL AS MOOT AND UNITED
STATES' RESPONSE TO APPELLANT'S MOTION FOR VACATUR
_____

On May 25, 2017, the United States filed a motion to dismiss Brian Sands' appeal as moot because he lacks a cognizable interest in the appeal. On appeal, Sands requested that this Court vacate the district court's finding that he violated the preliminary injunction and was in civil contempt. This finding was part of the district court's May 2016 Findings of Fact, E.R. 138-299, which made extensive findings that form the basis of its Second Amended Second Supplemental Permanent Injunction/Judgement Order ("Second Permanent Injunction"), E.R. 4-70. Sands does not seek vacatur of that injunction, which has no effect on him as he retired from the Maricopa County Sheriff's Office (MCSO) in 2013, or the Order re Victim Compensation, which held Sands not liable for the civil contempt damages.[1] Defendant Maricopa County has separately appealed those orders.

Sands' principal argument is *not* that his appeal is not moot. Rather, he contends that, if his appeal is found moot, he is subject to "collateral legal consequences" in the form of collateral estoppel based on a possible contribution or indemnity action by Maricopa County or MCSO, and that the *possibility* of such estoppel warrants vacatur of the contempt-related findings against him. Sands Resp. 10-13. That contention lacks merit.

---

[1] The Order re Victim Compensation ordered *defendants* to compensate victims injured by contemnors' violations of the preliminary injunction and create a compensation fund of $500,000. See U.S. Mot. to Dismiss, Attachment 5, at 1-4. The district court rejected plaintiffs' request to hold nonparty contemnors jointly and severally liable for the damages. *Id.* at 3.

The hypothetical risk of future harm from collateral estoppel arising from his now moot contempt finding does not constitute a collateral legal consequence. Such a risk is too speculative to avoid mootness. Moreover, Sands does not seek vacatur of the Second Permanent Injunction, Order re Victim Compensation, or May 2016 Findings of Fact; he challenges only certain contempt-related findings for which no adverse legal consequences were imposed on him. Under these circumstances, vacatur is not appropriate if his appeal is dismissed as moot.

In effect, Sands is requesting that this Court line-edit the district court's May 2016 Findings of Fact and February 2015 Order to Show Cause under what he claims is an "established practice" of vacating the *judgment* below when a civil suit becomes moot on appeal. But that practice does not apply here because Sands cannot appeal a civil contempt finding for which no sanctions or damages were imposed on him, and the judgment remains a live controversy as to another party in a separate appeal. Having benefitted from the order holding him not liable for contempt damages—a decision Sands does not challenge—he was not "frustrated" in seeking review of that decision "by the vagaries of circumstance," or "deprive[d]" of "any review to which he was entitled." *Camreta* v. *Greene*, 563 U.S. 692, 712 & n.10 (2011) (internal quotation marks omitted). Accordingly, for the reasons explained below and in the United States' motion to dismiss, Sands' appeal should be dismissed as moot and his motion for vacatur should be denied.

1. *There Are No Collateral Legal Consequences That Save Sands' Appeal From Mootness*

Sands identifies no reason that this Court should not dismiss his appeal as moot. Although Sands argues that he is subject to "collateral legal consequences" because Maricopa County or MCSO *may* pursue a contribution or indemnity action against him and rely on his contempt finding, he does not contend that this risk of collateral estoppel saves his appeal from mootness. Nor could he. Indeed, he acknowledges that this Court has held that "the specter" of legal harm from collateral estoppel does not "qualify for the collateral consequences exception to the mootness doctrine." Sands Resp. 8 (quoting *In re Burrell*, 415 F.3d 994, 999 (9th Cir. 2005); see also *Koppers Indus., Inc.* v. *United States Envtl. Prot. Agency*, 902 F.2d 756, 758 (9th Cir. 1990) (finding that the "speculative contingency" of future collateral legal disputes cannot avert mootness).

Even after recognizing that the risk of collateral estoppel does not constitute a "collateral legal consequence" under the mootness doctrine, Sands asserts, without any legal basis, that vacatur of his contempt finding is justified because the risk of estoppel "subject[s him] to collateral legal consequences if the district court's Findings of Fact are not subject to review." Sands Resp. 11, 13. But Sands' use of the term "collateral legal consequences" to justify vacatur ignores the fact that this is a term of art in the mootness context with specific significance, which does not include the risk of estoppel alleged here. See also U.S. Mot. to

Dismiss 14-15 (arguing that the types of collateral legal consequences courts have found adequate to avoid mootness involved "substantial civil penalties").

In any event, the possibility that Sands' contempt finding *may* be used against him in a future indemnity action is too speculative to subject Sands to "collateral legal consequences" if this Court does not review that finding. See *Camreta*, 563 U.S. at 712 ("[O]ne can never be certain that findings made in  * * * one lawsuit will not some day . . . control the outcome of another suit.  But if that were enough to avoid mootness, no case would ever be moot.") (quoting *Commodity Futures Trading Comm'n* v. *Board of Trade of Chicago*, 701 F.2d 653, 656 (7th 1983)).  That this risk is speculative is highlighted by the fact that, in declining to hold Sands liable for contempt damages, the district court recognized that nonparty contemnors like Sands would be unable to "shoulder the expense involved even of notice, let alone payment, of the compensation amounts."  See U.S. Mot. to Dismiss, Attachment 5 (Order re Victim Compensation), at 3.  Because Sands is not subject to "collateral legal consequences" by a hypothetical risk of collateral estoppel, and for the reasons set forth in the United States' motion to dismiss, this Court should dismiss his appeal as moot.

2. *Vacatur Is Not Warranted Here, Where Sands Was Not Entitled To Review Of His Contempt Finding And The Case Is Moot As To Him But Not Others*

Sands incorrectly relies on *United States* v. *Munsingwear, Inc.*, 340 U.S. 36 (1950), to contend that the contempt-related findings against him in the May 2016

Findings of Fact and the February 2015 Order to Show Cause should be vacated under the "established practice" that when a civil suit becomes moot pending appeal, the judgment is vacated. Sands Resp. 6. That practice applies when mootness has "deprived the [appellant] of the review *to which it is entitled.*" *Log Cabin Republicans* v. *United States*, 658 F.3d 1162, 1168 (9th Cir. 2011) (emphasis added). The underlying rationale is that when civil litigants have a statutory right to appeal, the lower court's decision is "only preliminary." *Munsingwear*, 340 U.S. at 40. And if litigants are "frustrated by the vagaries of circumstance" in "obtaining the review to which they are entitled," the preliminary decision below may be vacated to avoid unfair preclusive effect. *Camreta*, 563 U.S. at 712 (internal quotation marks omitted); see also *id.* at 712 n.10 ("*Munsingwear* justified vacatur to protect a litigant who had the right to appeal but lost that opportunity due to happenstance."). A litigant seeking vacatur bears the burden of showing "equitable entitlement to the extraordinary remedy of vacatur." *U.S. Bancorp Mortg. Co.* v. *Bonner Mall P'ship*, 513 U.S. 18, 26 (1994).

    a. The "established practice," stemming from *Munsingwear*, of vacating a *judgment* in certain appeals that are moot is not applicable here. In contrast to *Munsingwear*, Sands is not entitled to review of his contempt findings because the district court declined to impose any sanctions on him and he has no right to challenge specific factual findings in the abstract without challenging the remedial

order that held him not liable for the compensation awarded to victims. Moreover, although this appeal is moot as to Sands, the dispute regarding the injunction, from which Sands purportedly appeals, is not moot as to defendant Maricopa County, which has separately appealed. In these circumstances, Sands' appeal of his contempt finding falls outside of *Munsingwear* and vacatur is not justified. See *Camreta*, 563 U.S. at 712 n.10 ("We have therefore left lower court decisions intact when mootness did not deprive the appealing party of any review to which he was entitled."); cf. *In re Grand Jury Proceedings*, 863 F.2d 667, 669-670 (9th Cir. 1988) (vacating contempt order as moot where appellant had statutory right to expedited appeal under the "recalcitrant witness" statute).

As the United States argued in its motion to dismiss (at 13)—a point Sands does not address—Sands is not entitled to appellate review because a finding of civil contempt is not punitive and "is not appealable *until sanctions have been imposed*." *S.E.C.* v. *Hickey*, 322 F.3d 1123, 1127 (9th Cir.) (internal quotation marks and citation omitted). Because Sands was not held liable for any sanctions or damages, dismissal of his appeal would not "deprive" him of any right to which he was entitled.

Further, Sands does not have the right to pursue appellate review of his contempt finding in the abstract, without challenging the Second Permanent Injunction or the Order re Victim Compensation, which declined to hold him liable

for the damages resulting from his contumacious conduct. An appellate court "reviews judgments, not statements in opinions." *California* v. *Rooney*, 483 U.S. 307, 311 (1987) (quoting *Black* v. *Cutter Labs.*, 351 U.S. 292, 297 (1956)). And litigants who do not challenge the relief granted cannot "seek appellate excision of the district court's ruling," as they lack "standing to challenge the district court's legal rulings in the abstract." *Natural Res. Def. Council* v. *Gutierrez*, 457 F.3d 904, 906 (9th Cir. 2006). In other words, litigants who seek to keep the benefit of the relief granted or are unaffected by it, cannot obtain appellate review to "[e]ssentially * * * line-edit the district court's ruling." *Ibid.*

Here, Sands does not challenge the Order re Victim Compensation, which was decided in his favor, or the Second Permanent Injunction, which does not affect him. While he purports to appeal from the injunction, the actual review he seeks from this Court is of the contempt-related findings in the May 2016 Findings of Fact and the February 2015 Order to Show Cause that only apply to him. See Sands Opening Brief 7, 46; Sands Resp. 18. Having chosen not to appeal the favorable Order re Victim Compensation, he cannot cherry pick for review only the unfavorable factual findings against him. See *Elec. Fittings Corp.* v. *Thomas & Betts Co.*, 307 U.S. 241, 242 (1939) ("A party may not appeal from a judgment or decree in his favor, for the purpose of obtaining a review of findings he deems erroneous which are not necessary to support the decree."); *Aug. Tech. Corp.* v.

*Camtek, Ltd.*, 542 Fed. Appx. 985, 994-995 (Fed. Cir. 2013) (concluding that defendant lacked standing to challenge a finding that it was a "willful infringer" because it ultimately prevailed in avoiding liability for enhanced damages).

    b. Further, vacatur of the underlying contempt findings would be inappropriate here because the judgment is not moot as to another party (the County), which has separately challenged the judgment. When a case or controversy is still live as to another party who is entitled to review of the judgment, that judgment should not be affected by another litigant whose claims are moot and is *not* entitled to appellate review. In *Karcher* v. *May*, 484 U.S. 72 (1987), the Supreme Court dismissed an appeal because the appellants—two state legislators who had appealed a judgment invalidating a state statute—had lost their positions and were no longer entitled to appeal. *Id.* at 77-78. The Court rejected appellants' argument that the judgment should be vacated because the case was moot as to them. *Id.* at 82-83. The Court explained that vacatur under *Munsingwear* was not appropriate because the reason the case became unreviewable was not appellants' changed circumstances, but the decision by their successors in office who actually had the right to appeal and exercised that right by declining to seek review. *Ibid.* In other words, here, as in *Karcher*, "there is no reason to vacate when an appeal is mooted by the only appellant['s] loss of

standing but the dispute is not mooted as to the other parties."[2]  13C Charles Alan Wright *et al.*, *Federal Practice and Procedure* § 3533.10 (3d ed. 2017).

    c.  Sands relies on this Court's decision in *In re Burrell*, 415 F.3d 994 (9th Cir. 2005), for the proposition that "[a]ny dismissal of his appeal as being moot will be based on the happenstance of the district court not holding [him] liable" for compensating victims and, therefore, he should not be penalized by having his claim of vacatur denied.  Sands Resp. 16.  But Sands' reliance on *In re Burrell* is misplaced.  First, in *Burrell* vacatur was appropriate because the creditor's statutory right to appellate review of his claims under a bankruptcy statute was "frustrated" by appellee's conduct that rendered the appeal moot.  415 F.3d at 1000 (internal quotation marks omitted).  By contrast, as explained above, Sands has no right to appeal his contempt finding in the abstract, and therefore, dismissal of his appeal as moot will not deprive him of any review to which he is entitled.

    Second, even if *Munsingwear* were applicable, which, as explained above, it is not, the district court's decision to hold him not liable for damages from his contempt is not the type of "happenstance" or "frustrat[ion] by the vagaries of

---

[2]  Where, as here, the doctrines of standing and mootness are closely related, the case may be analyzed under either doctrine.  See U.S. Mot. To Dismiss 9 n.3; see, *e.g.*, *Princeton Univ.* v. *Schmid*, 455 U.S. 100, 103 (1982) (dismissing appeal after finding the issue presented moot and then concluding that the appellant lacked standing); *Lewis* v. *Knutson*, 699 F.2d 230, 237 n.9 (5th Cir. 1983) (analyzing case as a loss of standing but recognizing that the case could be analyzed under the mootness doctrine).  Whether framed as mootness or a lack of standing, this appeal should be dismissed for lack of jurisdiction.

circumstance" that courts have recognized warrant vacatur. *Camreta*, 563 U.S. at 712, 713 (internal quotation marks omitted). Far from "happenstance" for which Sands has no responsibility, the district court's decision was made in his favor.[3] Indeed, in the Parties' Joint Notice of Stipulated Judgment For The Victim Compensation Plan, Sands preserved his right to appeal any liability to compensate the contempt victims. See U.S. Mot. to Dismiss, Attachment 4, at 3. A favorable decision is not the type of "happenstance" that courts have found to justify vacatur when an appeal is deemed moot. See, *e.g.*, *Camreta*, 563 U.S. at 713 (vacatur warranted where "happenstance" of the minor moving out of state and becoming an adult "deprived" child protective services worker "of his appeal rights"); *In re Burrell*, 415 F.3d at 999-1000 (vacatur justified where appeal was mooted by the "happenstance" of appellee's conduct). Having benefitted from a decision in his favor, Sands cannot show that he is equitably entitled to preserve that decision while obtaining vacatur of the underlying contempt finding against him.

Accordingly, this Court should dismiss Sands' appeal as moot and deny his motion to vacate the contempt-related findings applicable to him in the May 2016 Findings of Fact and the February 2015 Order to Show Cause.

---

[3] Ignoring this fact, Sands instead argues against a straw man, asserting *incorrectly* that the United States "will argue that Sands voluntarily rendered his appeal moot by retiring from MCSO." Sands Resp. 14. The United States argued that there was no live case or controversy in this appeal because Sands was not held liable for any sanctions or damages. See U.S. Mot. to Dismiss 12-13.

Respectfully submitted,

T.E. WHEELER, II
  Acting Assistant Attorney General

s/ Christine H. Ku
THOMAS E. CHANDLER
CHRISTINE H. KU
  Attorneys
  Department of Justice
  Civil Rights Division
  Appellate Section
  Ben Franklin Station
  P.O. Box 14403
  Washington, D.C.  20044-4403
  (202) 353-9044

**CERTIFICATE OF SERVICE**

I hereby certify that on June 15, 2017, I electronically filed the UNITED STATES' REPLY IN SUPPORT OF ITS MOTION TO DISMISS MOVANT-APPELLANT BRIAN SANDS' APPEAL AS MOOT AND UNITED STATES' RESPONSE TO APPELLANT'S MOTION FOR VACATUR with the United States Court of Appeals for the Ninth Circuit by using the CM/ECF system.

I certify that all participants in this case are registered CM/ECF users, and service will be accomplished by the appellate CM/ECF system.

                                              s/ Christine H. Ku
                                              CHRISTINE H. KU
                                               Attorney