IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

No. 16-16659

MANUEL DE JESUS ORTEGA MELENDRES, *et al.*,

Plaintiffs-Appellees

and

UNITED STATES OF AMERICA,

Intervenor-Plaintiff-Appellee

v.

MARICOPA COUNTY; JOSEPH M. ARPAIO,

Defendants

BRIAN SANDS,

Movant-Appellant

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

PLAINTIFFS-APPELLEES' REPLY IN SUPPORT OF THEIR MOTION TO
DISMISS MOVANT-APPELLANT BRIAN SANDS'S APPEAL AND
RESPONSE TO MOVANT-APPELLANT SANDS'S MOTION FOR VACATUR

Sands has failed to establish that he at any point had injury-in-fact sufficient for standing to appeal. Sands's assertion that civil contempt is somehow *always* appealable ignores the jurisdictional nature of standing. While the district court issued *findings of fact* that Sands's actions while a Maricopa County Sheriff's Office (MCSO) employee violated the court's orders and contributed to the agency's violations of the rights of the Plaintiff class, it did not issue any *legal remedies* against Sands as an individual. As Sands has no interest in the district court's judgment or in future proceedings, the Court should dismiss his appeal.

Sands advances only two reasons for standing: (1) speculative and vague reputational harm; and (2) hypothetical and improbable concerns regarding collateral estoppel. Neither is remotely enough to establish injury for standing. In fact, Sands makes no effort to demonstrate how he has standing in light of this Court's directly applicable decision in *Union of Professional Airmen v. Alaska Aeronautical Industries, Inc.*, 625 F.2d 881 (9th Cir. 1980), where the Court found a civil contemnor could not appeal after he had been "relieved . . . of any liability." *Id.* at 884. Instead, Sands attempts to distinguish this Court's decision only on the basis that the Court did not consider vacatur of the findings, effectively conceding that he lacks the continued interest needed to maintain standing. Doc. 29 at 18–19.

What Sands actually seeks is not to challenge any of the district court's judgments, which do not run against him, but to vacate the findings as to him by

1

asking this Court to selectively line-edit the district court's factual opinion. This would be improper. He cannot now leverage the dismissal of an appeal for which at all times he lacked standing into the relief he seeks via vacatur-on-*mootness* doctrine. Vacatur of the findings as to Sands would be legally impermissible, inequitable, and inconsonant with this Court's past dismissals of contempt appeals.

## I. Sands Lacks Standing to Appeal.

### A. Lack of Standing Is the Proper Grounds for Dismissal.

Sands has failed to show that he has the ability to "invok[e] the power of" the appellate court at all. *Hollingsworth v. Perry*, 133 S. Ct. 2652, 2661 (2013) (explaining that standing is required for each stage of litigation); *Wash. Envtl. Council v. Bellon*, 732 F.3d 1131, 1139 (9th Cir. 2013) (describing litigant's burden of "demonstrat[ing] standing for . . . relief sought").[1] Because Sands had no interest sufficient to appeal at *any* point following the district court's entry of judgment and ordering of relief, including at the time he filed his notice of appeal in September 2016, *see* ER 1–2, the appeal fails due to lack of standing.

Sands's response effectively concedes that he never had the kind of connection to the district court's ordered relief required to confer standing to

---

[1] Mootness, by contrast, arises when that interest terminates *after* the court has exercised its power to take up the appeal. *See Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 474–78 (1990). While Sands attempts to collapse the distinction, Doc. 29 at 7, Plaintiffs-Appellees have in fact sought dismissal on lack of standing and, *in the alternative*, mootness. Doc. 25 at 1, 8 n.6.

2

appeal. Sands agrees that Maricopa County is responsible for payment of the victim compensation fund and that the district court "expressly declined to hold . . . Sands[] jointly and severally liable for payment." Doc. 29 at 6. He also does not dispute that he lacks a sufficiently close connection to the second supplemental injunction for an appeal on that basis. In any event, he does not seek to establish direct harm based on, or to overturn, *see* Doc. 15 at 46, that ordered relief.

Moreover, Sands's request that this Court take a pen to the district court's 162 pages of contempt findings and vacate only those portions that pertain to him is not relief available from an appellate court. Sands fails to address Plaintiffs-Appellees' argument that appellate courts lack power to address "the district court's legal rulings in the abstract," independent of ordered relief. Doc. 25 at 11 (quoting *Nat. Res. Def. Council v. Gutierrez*, 457 F.3d 904, 905–06 (9th Cir. 2006)). "[F]ederal appellate courts[] do[] not review lower courts' opinions, but their *judgments*." *Jennings v. Stephens*, 135 S. Ct. 793, 799 (2015); *see also Warner/Elektra/Atl.Corp. v. Cty.of DuPage*, 991 F.2d 1280, 1282 (7th Cir. 1993) (explaining that an appellant lacks standing to "complain[] not about a judgment but about a finding"). Sands cannot appeal to obtain deletion of findings.

## B. Sands Has Alleged No Sufficient Grounds for Standing.

Sands provides no grounds to support his broad argument that a non-party civil contemnor may always appeal, notwithstanding Article III's case-or-

3

controversy requirement. *U.S. Catholic Conference v. Abortion Rights Mobilization, Inc.*, 487 U.S. 72 (1988), is in fact consistent with dismissal of Sands's appeal; in determining that the nonparty contemnor had appellate standing, it explained that the contemnor did not seek to appeal a "matter[] in which it ha[d] no legitimate interest." *Id.* at 76. That litigants need Article III standing to appeal is well established. *See, e.g.*, *United States v. Windsor*, 133 S. Ct. 2675, 2685–87 (2013) (confirming standing before reaching the merits of the appeal).

Sands's claim that a contempt citation "could harm the professional reputation of a law enforcement officer," Doc. 29 at 18, does not allege injury sufficient for standing. Sands has no professional reputation at stake. After Sands retired from the MCSO in 2013, he did not accept another law enforcement position, ER 669, 742–43, and he has not alleged any intent to do so in the future.

Even if Sands planned to return to his career, though, the single case he cites does not support appellate jurisdiction. *Lasar v. Ford Motor Co.*, 399 F.3d 1101 (9th Cir. 2005), pertained to an attorney's appeal of sanctions where the underlying case settled. *Id.* at 1108. In finding appeal cognizable, the *Lasar* court emphasized the importance of not creating "conflicting incentives" for sanctioned lawyers in the settlement process. *Id.* at 1109. No such systemic interest is implicated here. The court reasoned that the attorney's professional reputational interest lay in challenging the "disciplinary action" of a contempt citation and permanent *pro hac*

vice revocation. *Id.*; *see also* Cal. Bus. & Prof. Code § 6086.7(a)(1) (providing that courts "shall notify the State Bar" of all final contempt orders against attorneys). Sands has alleged no commensurate interest stemming from actual professional repercussions here—nor could he, given his retirement. And he fails to address that stigmatic harm "no longer affect[ing] legal rights" is not an Article III injury, even in cases of *criminal* contempt. *St. Pierre v. United States*, 319 U.S. 41, 43 (1943).

Likewise, as even Sands acknowledges, "hypothetical" potential harm from collateral estoppel does not prevent mootness, Doc. 29 at 9 (quoting *In re Burrell*, 415 F.3d 994, 999 (9th Cir. 2005)), and so it cannot sustain appellate standing, *Jackson v. Cal. Dep't of Mental Health*, 399 F.3d 1069, 1075 (9th Cir. 2005). The district court found repeated preliminary injunction violations. ER 141–42. It ordered only Maricopa County to compensate the victims and ruled in Sands's favor, by not holding him individually liable for compensatory relief. Doc. 25, Ex. 6. Sands's entirely speculative contention that the County or MSCO may someday pursue a contribution or indemnity action seeking to rely on the contempt findings, Doc. 29 at 14, gives him no sufficient stake to appeal. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992) (describing "conjectural or hypothetical" injury as not enough for standing); *Koppers Indus., Inc. v. U.S. Envtl. Prot. Agency*, 902 F.2d 756, 758 (9th Cir. 1990) (explaining that, where no legal disputes exist, "the speculative contingency that such issues might arise affords no basis for . . .

5

passing on the substantive issues"). As Sands's response indicates, the County has not sought any such relief. Doc. 29 at 14 (arguing that "[o]ne could . . . envision" such an action, hypothetically, in the future). Sands does not demonstrate that, in such conjectural, separate future proceedings, he would in fact be bound by these findings.

## II. Denial of Summary Judgment Was Not Due to an Error of Law.

Sands's argument that denial of summary judgment on his or *any* laches claim implicates an error of law, therefore permitting appeal, misinterprets case law. Sands confuses the availability of laches as a cause of action, which turns on the legal question of the nature of a *category* of claims, and the applicability of laches to a particular fact-specific situation. *Compare Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 235 F.3d 1184, 1193–94 (9th Cir. 2000) (pure question of law whether laches is available for claims seeking money damages for breach of contract), *with In re Beaty*, 306 F.3d 914, 921 (9th Cir. 2002) (application of laches doctrine to facts reviewed for abuse of discretion). Here, the district court's determinations regarding Sands's laches claims—that Plaintiffs did not unreasonably delay and that genuine factual questions as to prejudice to Sands persisted, ER 313—did not turn on legal questions. Consequently, the denial may not be appealed. *See Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1243 (9th Cir. 2014).

6

## III. Vacatur of the Findings Is Both Improper and Inequitable.

### A. Vacatur on Lack of Standing Is Improper.

The relief that Sands seeks in the event of the Court's dismissal of his appeal is not relief this Court may grant. First, Sands has provided no argument or authority to indicate that, where an appeal is dismissed on *standing* grounds, vacatur is proper. Vacatur is available on *mootness* when the litigant "ha[s] been prevented from obtaining the review *to which [he is] entitled*" through no fault of his own. *Camreta v. Greene*, 563 U.S. 692, 712 (2011) (emphasis added). But, where there is no "depriv[ation] [to] the appealing party of any review to which it was entitled," the decision of the district court is "left . . . intact." *Log Cabin Republicans v. United States*, 658 F.3d 1162, 1168 (9th Cir. 2011). Because Sands lacked standing to appeal, he was not "entitled" to review at any time—and so dismissal of the appeal without vacatur is the appropriate disposition. *See Hollingsworth*, 133 S. Ct. at 2668 (directing, where litigant lacked appellate standing, solely dismissal by the appellate court).

### B. Vacatur on Mootness Would Be Inequitable.

Were this Court to dismiss the appeal on mootness rather than standing grounds, vacatur of the contempt findings as to Sands would still be inappropriate.[2]

---

[2] Sands appears to seek vacatur of the findings only as to him. Doc. 29 at 2. Vacatur due to Sands's improper appeal of the entirety of the district court's

7

For cases moot on appeal, the appellant must "demonstrate equitable entitlement" to vacatur. *NASD Dispute Resolution, Inc. v. Judicial Council*, 488 F.3d 1065, 1068–69 (9th Cir. 2007) (quoting *U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 26 (1994)). Here, the district court found that the actions of numerous employees, including Sands, led to the violation of the rights of the Plaintiff class. Sands's proposal to eviscerate portions of the district court's findings would undermine the extensive relief ordered to remedy those rights violations and prevent their recurrence—relief that Sands has not specifically appealed. Such disposition would be inequitable and therefore legally improper.

Sands has failed to show any "equitable entitlement" to vacatur. *See id.* at 1069. His lack of legally cognizable injury is due to his own actions and matters internal to the litigation—not intervening "vagaries of circumstance" that would support vacatur. *See Camreta*, 563 U.S. at 712. Sands, in fact, was victorious at the district court on compensation liability. A legal win is not "happenstance" for mootness purposes. *See United States v. Payton*, 593 F.3d 881, 885 (9th Cir. 2010) (declining to vacate due to happenstance where the reason for mootness "c[ould] hardly be deemed external to the case"). Sands sought to preserve his right to object to a determination of liability in the negotiated compensation scheme submitted to the district court. Dist. Ct. Doc. 1747 (Ex. 1). But the district court

---

findings, which support relief for violations of the Plaintiff class's constitutional rights by numerous MCSO employees, would be extremely inequitable.

actually ruled in his favor. Doc. 25, Ex. 6 at 3 (declining to find Sands jointly and severally liable). And his voluntary retirement from the MCSO means that he has no conceivable connection to the injunctive relief.[3] Sands's own actions and a favorable decision, not the "vagaries" of intervening events, are responsible for his lack of continued relationship to the litigation.[4]

Vacatur would, on the other hand, be unjust to the Plaintiff class and detrimental to the public interest. The contumacious acts of Sands and other high-level MCSO employees caused severe harm to the Plaintiff class. *See, e.g.*, ER 159 (describing Sands's failure to stop deputies from "transporting unauthorized immigrants for whom they had no state charge to ICE or the Border Patrol" in violation of the preliminary injunction). Vacatur of the findings as to the MCSO's executive chief in charge of enforcement would erase from the record part of the justification for relief to the Plaintiff class that the County and the MCSO must implement because of the actions of their then employee, Sands.

This erasure would also hurt the public. As this Court reaffirmed in upholding the preliminary injunction at the heart of the contempt proceedings, "it is always in the public interest to prevent the violation of a party's constitutional

---

[3] Sands misses that his retirement's significance is to his connection to *prospective* injunctive relief, not to the court's jurisdiction over his acts.

[4] Hypothetical future collateral estoppel does not tilt the equities in Sands's favor, particularly since there is no "unfair[ness]" in this mootness *not* arising by happenstance. *See In re Burrell*, 415 F.3d at 1000.

rights." *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012). And the public has a strong interest in ensuring that courts' orders are followed, *see In re Mem'l Hosp. of Iowa Cty., Inc.*, 862 F.2d 1299, 1302–03 (7th Cir. 1988), especially by other governmental actors, *see Cooper v. Aaron*, 358 U.S. 1, 18–19 (1958). Because the findings as to Sands underpin relief that protects the Plaintiff class's constitutional rights, ensures that the district court's orders are implemented, and recompenses contempt victims, vacatur would be fundamentally inequitable.

This Court has repeatedly dismissed appeals of contempt findings as moot without ordering vacatur. *See, e.g.*, *S.E.C. v. Hickey*, 322 F.3d 1123, 1128 (9th Cir. 2003) (dismissing appeal from purged contempt as moot without vacatur); *United States v. Oakland Cannabis Buyers' Coop.*, 190 F.3d 1109, 1111 (9th Cir. 1999), *rev'd on other grounds*, 532 U.S. 483 (2001) (dismissing contempt appeal as moot); *United States v. Oakland Cannabis Buyers' Coop.*, 3:98–cv–00088–CRB (N.D. Cal. filed Jan. 9, 1998) (no subsequent vacatur); *Union of Prof'l Airmen*, 625 F.2d at 884; *Cancino v. Craven*, 511 F.2d 1371, 1373 (9th Cir. 1975). Sands has given no reason for departure from this practice—and vacatur would be unjust.

## CONCLUSION

This Court should dismiss Sands's appeal for lack of standing and deny his motion to vacate.

Respectfully submitted,

Dated: June 20, 2017

/s/ Kathryn L. Huddleston
Kathleen E. Brody
Brenda Muñoz Furnish
Kathryn L. Huddleston
ACLU FOUNDATION OF ARIZONA
3707 N. 7th Street, Ste. 235
Phoenix, AZ 85014
Telephone: (602) 650-1854
Facsimile: (602) 650-1376
kbrody@acluaz.org

Andre Segura
Cecillia D. Wang
ACLU FOUNDATION
125 Broad Street
New York, NY 10004
Telephone: (212) 549-2676
Facsimile: (212) 549-2654
asegura@aclu.org

Anne Lai
401 E. Peltason, Suite 3500
Irving, CA 92697
Telephone: (949) 824-9894
Facsimile: (949) 824-0066
alai@law.uci.edu

Stanley Young
Hyun Sik Byun
COVINGTON & BURLING, LLP
1 Front Street
San Francisco, CA 94111
Telephone: (415) 591-7066
Facsimile: (415) 955-6566
syoung@cov.com

Counsel for *Plaintiffs-Appellees*

## CERTIFICATE OF SERVICE

I, Kathryn L. Huddleston, hereby certify that on June 20, 2017 copies of this Reply in Support of Plaintiffs-Appellees' Motion to Dismiss Movant-Appellant's Appeal and Response to Movant-Appellant's Motion for Vacatur were electronically filed via the Court's CM/ECF system.

Dated: 06/20/2017

/s/ Kathryn L. Huddleston
Kathryn L. Huddleston
ACLU FOUNDATION OF ARIZONA
3707 N. 7th Street, Ste. 235
Phoenix, AZ 85014
Telephone: (602) 650-1854
Facsimile: (602) 650-1376
khuddleston@acluaz.org