**No. 16-16659**

**UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT**
_____

MANUEL DE JESUS ORTEGA MELENDRES, on behalf

of himself and all others similarly situated, et al.,

Plaintiffs – Appellees,

UNITED STATES OF AMERICA,
Intervenor-Plaintiff-Appellee,

v.

JOSEPH ARPAIO, et al.,

Appellants,
_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA AT PHOENIX

No. 2:07-CV-02513 (Honorable G. Murray Snow, United States District Judge)
_____

**APPELLANT SANDS' REPLY TO UNITED STATES' RESPONSE TO
APPELLANT'S MOTION FOR VACATUR**
_____

M. Craig Murdy (State Bar No. 011016)
Email: Craig.Murdy@lewisbrisbois.com
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
2929 North Central Avenue, Suite 1700
Phoenix, Arizona 85012-2761
Telephone (602) 385-1040
_Attorneys for Non-Party Appellant Brian Sands_

## I.    THE USA ARGUES THAT THIS COURT SHOULD NOT FOLLOW ESTABLISHED, AUTOMATIC PROCEDURE

The USA argues that this Court should not follow the "established" and "automatic" procedure of vacating the district court's Findings of Fact and remanding for dismissal the Order to Show Cause if Sands' appeal is deemed moot.  In *NASD Dispute Resolution, Inc. v. Judicial Council,* 488 F.3d 1065, 1068 (9th Cir. 2007) this Court noted:

> When a cause becomes moot on appeal, the "established practice" is to reverse or vacate the decision below with a direction to dismiss. *Arizonans for Official English v. Arizona*, 520 U.S. 43, 71, 117 S. Ct. 1055, 137 L. Ed. 2d 170 (1997) (citing *United States v. Munsingwear, Inc*., 340 U.S. 36, 39, 71 S. Ct. 104, 95 L. Ed. 36 (1950)). Vacatur in such a situation "eliminat[es] a judgment the loser was stopped from opposing on direct review." *Arizonans for Official English*, 520 U.S. at 71. Without vacatur, the lower court's judgment, "which in the statutory scheme was only preliminary," would escape meaningful appellate review thanks to the "happenstance" of mootness. *United States v. Munsingwear, Inc*., 340 U.S. 36, 39, 71 S. Ct. 104, 95 L. Ed. 36 (1950).  Under the "*Munsingwear* rule," vacatur is generally "automatic" in the Ninth Circuit when a case becomes moot on appeal.  *Publ. Util. Comm'n v. FERC*, 100 F.3d 1451, 1461 (9th Cir. 1996).

Sands would assert that the USA's arguments are without merit, and that this Court should adhere to the "established" and "automatic" procedure of vacating and remanding for dismissal if this Court finds that his appeal is moot.

## II.   SANDS IS ENTITLED TO VACATUR AND DISMISSAL

A.   <u>The Risk of the Unfairness of the Enduring Preclusive Effect of an Unreviewable Decision Requires Vacatur and Dismissal</u>

The USA argues that there are no collateral legal consequences that save Sand's appeal from mootness. USA Reply, p. 3. Mootness and vacatur are separate legal issues. In the context of *mootness*, this Court has noted that "[appellant] may not invoke as an exception to the mootness doctrine the specter of continuing legal harm from res judicata or collateral estoppel arising from his mooted claims when such harm is merely hypothetical and speculative." 415 F.3d at 999.

Notwithstanding the foregoing this Court noted:

It is well established, however, that collateral estoppel engenders legal consequences from which a party may continue to suffer harm after a claim has been rendered moot. *The Supreme Court has recognized that because of the unfairness of the enduring preclusive effect of an unreviewable decision in the case of a civil action that has become moot on appeal, "the established practice of the Court . . . is to reverse or vacate the judgment below and remand with a direction to dismiss." United States v. Munsingwear, Inc*. 340 U.S. 36, 39, 95 L. Ed. 36, 71 S. Ct. 104 (1950). While *Munsingwear's* directive was only dictum, the Supreme Court has since affirmed this practice as it relates to mootness that arises by "happenstance." *U.S. Bancorp Mortgage Co. v. Bonner Mall P'ship*, 513 U.S. 18, 25 n.3, 130 L. Ed. 2d 233, 115 S. Ct. 386 (1994) ("We thus stand by

Munsingwear's dictum that mootness by happenstance provides sufficient reason to vacate.").

415 F.3d at 999 (italics added).

Thus, while the specter of continuing legal harm from res judicata or collateral estoppel may not save an appeal from being moot, the same unequivocally gives rise to the "established" and "automatic" practice of vacating the judgment below and remanding with a direction to dismiss.

As established in Sand's Motion for Vacatur, the district court's Findings of Fact could result in collateral estoppel in future litigation between Sands and his employer Maricopa County/MCSO for indemnification or contribution. Although this risk, is not an exception to mootness, this risk is precisely the risk addressed by the Supreme Court in *Munsignwear,* and acknowledged by this Court in *In re Burrell*, 415 F.3d 994, 999 (9th Cir. 2005) – "the unfairness of the enduring preclusive effect of an unreviewable decision of a civil action that has become moot on appeal." This risk has given rise to the "established practice . . . to reverse or vacate the judgment below and remand with a direction to dismiss. *Burrell*, 415 F.3d at 999, citing *Munsignwear,* 340 U.S. at 39.

B.   Sands' Right to Appeal the Adjudication of Contempt "Cannot be Questioned"

The USA argues that vacatur is not warranted as Sands was not entitled to a review of the contempt finding and the case is moot as to him but not others. USA Response at 4. Citing *Log Cabin Republicans v. United States*, 658 F.3d 1162 (9th Cir.

2011) the USA argues that vacatur only applies when "mootness has 'deprived the [appellant] of the review to which he is entitled." USA Response, p. 5.

The United States Supreme Court has held that "[t]he right of a nonparty to appeal an adjudication of contempt cannot be questioned." *U.S. Catholic Conference v. Abortion Rights Mobilization, Inc*., 487 U.S. 72, 76, 108 S. Ct. 2268, 2271, 101 L.Ed.2d 69 (1988). According the Supreme Court, Sands' right of appeal to appeal the district court's adjudication of contempt "cannot be questioned." *Id.*

The USA argues that "Sands is not entitled to review of his contempt findings because the district court declined to impose any sanctions on him and he has no right challenge specific factual findings in the abstract without challenging the remedial order that held him not liable for the compensation awarded the victims." USA Response at p. 5 - 6. In that regard, the USA argues that civil contempt "is not appealable until sanctions have been imposed." USA Response at 6, citing *S.E.C. v. Hickey*, 322 F.3d 1123, 1127 (9th Cir. 2003). The fact of the matter is that sanctions have been imposed based in part upon Sands' alleged contempt. The district court imposed sanctions on Sands' employer, Maricopa County/MCSO, pursuant to the Order re Victim Compensation. Thus, to the extent the adjudication of civil contempt was not appealable until sanctions had been imposed, Sands' unquestionable right to appeal arose when the district court imposed sanctions against his employer based on his conduct.

C.     Sands Has the Right to Appeal the District Court's Findings of Fact

As established above, the Supreme Court has held that "[t]he right of a nonparty to appeal an adjudication of contempt cannot be questioned." *U.S. Catholic Conference*,

487 U.S. at 76.  Notwithstanding the foregoing, the USA argues that "Sands does not have the right pursue appellate review of his contempt finding in the abstract, without challenging the Second Permanent Injunction or the Order re Victim Compensation, which declined to hold him liable for the damages resulting from his contumacious conduct."  USA Response, p. 6 -7.

"An appeal from a final judgment draws in question all earlier, non-final orders and rulings which produced the judgment."  *Hall v. City of L.A.*, 697 F.3d 1059, 1070 (9th Cir. 2012).  "This is so because the earlier non-final orders merge with the judgment."  *Id.*

Sands' Notice of Appeal specifically provided that he was appealing the: 1) "Second Supplemental Permanent Injunction/Judgment Order"; 2) "Amended Second Supplemental Permanent Injunction/Judgment Order"; 3) "Second Amended Second Supplemental Permanent Injunction/Judgment Order";  4) "Order entered on January 5, 2016; and 5) "*All interlocutory, non-final orders subordinate to the foregoing*."  [Doc. 180 italics added].  By appealing the foregoing, Sands implicitly brought all of the district court's subordinate orders with the jurisdiction of this court, including the Findings of Fact.  *See e.g. Hall,* 697 F.3d at 1070.

The USA argues that "[a] party may not appeal from a judgment or decree in his favor, for the purpose of obtaining a review of findings he deems erroneous which are not necessary to support the decree."  USA Response, p. 7, citing *Aug. Tech. Corp. v. Camtek, Ltd*. 542 Fed. Appx. 985, 994 – 995 (Fed. Cir. 2013).  Sands would submit that the district court's Findings of Fact finding that he intentionally and knowingly violated a

federal court order was necessary to support the district courts various decrees, including but not limited to the Order re Victim Compensation. The USA's argument that the district court's decrees were in Sands' "favor" fails to take into account that the court found that Sands knowingly and intentionally violated the court's order. How that finding can be in "favor" of Sands defies logic. Thus, Sands is in fact appealing from an adverse decree (Findings of Fact) that is necessary to support the various injunctions and Order re Victim Compensation.

D.    Karcher v. May is Distinguishable

Citing *Karcher v. May*, 484 U.S. 72 (1987) the USA argues that "vacatur of the underlying court findings would be inappropriate here because the judgment is not moot as to another party (the County), which has separately challenged the judgment." USA Response, p. 8. *Karcher*, is easily distinguishable, and to the extent it has any persuasive value, the same supports the "practice of vacating lower court judgments when a case becomes moot on appeal." 484 U.S. at 82.

In *Karcher,* the Speaker of the New Jersey General Assembly (Karcher) and the President of the New Jersey Senate (Orechio) were allowed "to intervene as defendants on behalf of the legislature" in an action challenging the constitutionality of a minute of silence statute. 484 U.S. at 74 – 75. The Supreme Court noted that "Karcher and Orechio represented to both the court and their opponents that they were intervening on behalf of the legislature and not as individual legislators." 484 U.S. at 79.

The district court declared the statute unconstitutional, and the court of appeals affirmed the district court's judgment. 484 U.S. at 75 – 76. Following the court of

appeals' judgment, "Karcher and Orechio lost their posts as presiding legislative officers" and were replaced by Hardwick and Russo, respectively. 484 U.S. at 76. Thereafter, Senate President Russo and General Assembly Speaker Hardwick withdrew the legislature's appeal, but noted that Karcher desired to continue the appeal. *Id.* "Appellees moved to dismiss the appeal on the ground that the legislature's withdrawal left the Court without a case or controversy." *Id.*

The Supreme Court addressed two issues, jurisdiction and vacatur. With regard to jurisdiction, the Supreme Court held that "Karcher and Orechio participated in this lawsuit in their official capacities as presiding officers of the New Jersey Legislature, but since they no longer hold those offices, they lack authority to pursue this appeal on behalf of the legislature" and dismissed the appeal for "want of jurisdiction." 484 U.S. at 81.

The Supreme Court then addressed the Court's "practice of vacating lower court judgments when a case becomes moot on appeal." 484 U.S. at 82. Citing *Munsingwear*, the Court "*explained that when a case becomes moot in its journey through the federal courts we will reverse or vacate the 'unreviewable' judgment below and remand with directions to dismiss*." *Id.* (italics added).

Karcher and Orechio argued that vacatur pursuant to *Munsingwear* was appropriate because "the happenstance of their loss of official status . . . render[ed] the judgment unreviewable. 484 U.S. at 82. The Supreme Court "reject[ed] this argument because its underlying premise is wrong." 484 U.S. at 83. The Supreme Court noted that pursuant to Fed. Rules of App. Proc. 43(c)(1) "the authority of Karcher and Orechio to

pursue the appeal on behalf of the legislature passed to their successor in office." 484 U.S. at 83. In that regard, the Court held:

> This controversy did not become moot due to circumstances unattributable to any of the parties. The controversy ended when the losing party – the New Jersey Legislature – declined to pursue its appeal. Accordingly, the *Munsingwear* procedure is inapplicable to this case.

484 U.S. at 83.

At bar, no one has substituted in place of Sands, and no one that has substituted in place of Sands has declined to pursue his appeal. Other than reinforcing the "practice of vacating lower court judgments when a case becomes moot on appeal," *Karcher* is not applicable to the issues before this Court.

E. Happenstance Rendered Sands' Appeal Moot and He is Entitled to Vacatur and Dismissal

The USA's final argument is that "Sands reliance on *Burrell* is misplaced" and that "[a] favorable decision is not the type of 'happenstance" that courts have found to justify vacatur when an appeal is deemed moot." USA Response, p. 9 - 10. Again, the characterization of a decision finding that Sands intentionally and knowingly violated the district court's order as being "favorable" to Sands defies logic.

"[V]acatur must be decreed for those judgments whose review is, in the words of *Musingwear*, 'prevented through – happenstance' – that is to say, where a controversy presented for review has 'become moot due to circumstances unattributable to any of the parties." *U.S. Bancorp*, 513 U.S. at 23. "A party that seeks review of the merits of an

adverse ruling, but is frustrated by the vagaries of circumstance, ought not in fairness be forced to acquiesce in the judgment." 513 U.S. at 25. If Sands' appeal is moot, the same is unattributable to any action by Sands, but rather to the vagaries of circumstance.

The happenstance that may have rendered Sands's appeal moot is the district court's decision not to hold him liable for the compensation to be paid pursuant to the Order re Victim Compensation. If the "vagaries of circumstances" deny Sands review of the merits, he ought not be forced to acquiesce in that judgment.

## III. CONCLUSION

"The point of vacatur is to prevent an unreviewable decision 'from spawning *any legal consequences*,' so that no party is harmed by what [the Supreme Court has] called a 'preliminary' adjudication." *Camreta v. Greene,* 563 U.S. 692, 712, 131 S. Ct. 2020, 2035, 179 L. Ed. 2d 1118, 1136 (2011), citing *Munsingwear*, 340 U.S. at 40 - 41.

In light of the forgoing points and authorities, Sands respectfully request that if this Court finds that his appeal moot, that this Court vacate the district court's Findings of Fact and remand for dismissal of the Order to Show Cause insofar as the same apply to him in order to avoid the same spawning any legal consequences.

. . .

. . .

. . .

. . .

. . .

. . .

10

RESPECTFULLY SUBMITTED this 22nd day of June, 2017.

**LEWIS BRISBOIS BISGAARD & SMITH LLP**


By /s/ Craig Murdy
M. Craig Murdy (State Bar No. 011016)
Email: Craig.Murdy@lewisbrisbois.com
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
2929 North Central Avenue, Suite 1700
Phoenix, Arizona 85012-2761
Telephone (602) 385-1040
Attorneys for Non-Party Appellant Brian Sands

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of June, 2017, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

I certify that all participants in the case are registered CM/ECF user, and service will be accomplished by the appellate CM/ECF system.

By /s/ M. Craig Murdy