No. 16-16659

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT
_____

MANUEL DE JESUS ORTEGA MELENDRES, on behalf

of himself and all others similarly situated, et al.,

Plaintiffs – Appellees,

UNITED STATES OF AMERICA,
Intervenor-Plaintiff-Appellee,

v.

JOSEPH ARPAIO, et al.,

Appellants,

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA AT PHOENIX

No. 2:07-CV-02513 (Honorable G. Murray Snow, United States District Judge)
_____

**APPELLANT SANDS' REPLY TO PLAINTIFFS-APPELLEES' RESPONSE TO MOTION FOR VACATUR**
_____

M. Craig Murdy (State Bar No. 011016)
Email: Craig.Murdy@lewisbrisbois.com
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
2929 North Central Avenue, Suite 1700
Phoenix, Arizona 85012-2761
Telephone (602) 385-1040
*Attorneys for Non-Party Appellant Brian Sands*

I.   **SANDS IS ENTITLED TO VACATUR**

   A.   <u>Appellees-Plaintiffs Oppose the Established and Automatic Practice of Vacatur</u>

Appellees-Plaintiffs, like the United States of America, seek dismissal of Sands' appeal. Plaintiffs, like the USA, also oppose Sands' Motion for Vacatur which requests that this Court follow the "established" and "automatic" practice of vacating the district court's decision and remanding with direction to dismiss.

"When a cause becomes moot on appeal, the 'established practice' is to reverse or vacate the decision below with a direction to dismiss." *NASD Dispute Resolution, Inc. v. Judicial Council*, 488 F.3d 1065, 1068 (9th Cir. 2007) citing *Arizonans for Official English v. Arizona*, 520 U.S. 43, 71, 117 S. Ct. 1055, 137 L. Ed. 2d 170 (1997) (citing *United States v. Munsingwear, Inc.*, 340 U.S. 36, 39, 71 S. Ct. 104, 95 L. Ed. 36 (1950)). "Under the '*Munsingwear* rule,' vacatur is generally 'automatic' in the Ninth Circuit when a case becomes moot on appeal." *NASD,* 488 F.3d at 1068.

Plaintiffs argue that vacatur is improper and inequitable. Plaintiffs' Response p. 7 - 10. Plaintiffs are wrong. Vacatur is both proper *and* equitable.

   B.   <u>Vacatur is Proper</u>

Plaintiffs argue that when an appeal is dismissed on standing grounds, vacatur is improper, and that vacatur is only available on mootness when the litigant "ha[s] been preventing from obtaining the review *to which [he is] entitled*" through no fault of his own." Plaintiffs Response, p. 7. Plaintiffs then argue that Sands is not entitled to vacatur because he "lacked standing to appeal" and "was not 'entitled' to review at any time." *Id.* Plaintiffs are wrong.

Plaintiffs acknowledge, as they must, that "[v]acatur is available on *mootness* when the litigant 'ha[s] been prevented from obtaining the review *to which [he is] entitled*' through no fault of his own." Plaintiffs Response at 7.

The United States Supreme Court has held that "*[t]he right of a nonparty to appeal an adjudication of contempt cannot be questioned.*" *U.S. Catholic Conference v. Abortion Rights Mobilization, Inc.*, 487 U.S. 72, 76, 108 S. Ct. 2268, 2271, 101 L.Ed.2d 69 (1988) (italics added). According to the Supreme Court, Sands' right of appeal to appeal the district court's adjudication of contempt "cannot be questioned." *Id.* If Sands' appeal is dismissed, he will have been prevented from obtaining the unquestionable right to appeal an adjudication of contempt through no fault of his own. Under those circumstances, Sands is entitled to vacatur.

Plaintiffs argue that Sands does not have standing to appeal because the district court did not hold him jointly and severally liable for the victim's compensation. Plaintiffs appear to argue for a new type of ephemeral standing: Standing which evaporates upon entry of a decree, and precludes vacatur.

This Court has noted that "the Supreme Court defined the mootness doctrine as a 'doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout is existence (mootness).'" *Vasquez v. L.A. County,* 487 F.3d 1246, 1253 n. 6 (9th Cir. 2007) citing *United States Parole Comm'n v. Geraghty,* 445 U.S. 388, 397, 100 S. Ct. 1202, 63 L. Ed. 2d 479 (1980). In *Vasquez* this Court noted that "[a] case may be rendered moot by a number of different events . . . [e]ssentially, any change in the facts that ends the

controversy renders the case moot." *Id.* Thus, there is no difference in the USA's mootness based upon "no legally cognizable adverse consequences" and Plaintiffs' mootness due to "lack [of] standing" arguments. *See* USA's Motion to Dismiss at p. 2, and Plaintiffs Motion to Dismiss at p. 2

In *Envtl. Prot. Info. Ctr., Inc. v. Pac. Lumber Co.,* 257 F.3d 1071. 1073 (2001) this Court held that "[w]e have the authority to entertain petitioner's motion to vacate even though there is no longer an Article III case or controversy." In *Pacific Lumber* the district court held a hearing on Pacific Lumber's motion to dismiss re mootness, *and* on the same day issued an order containing findings of fact and conclusions of law with respect to a preliminary injunction. 257 F.3d at 1074. Thereafter, the district court entered an order granting Pacific Lumber's motion to dismiss finding that the case was moot. *Id.* This Court noted that that "[f]or a court to pronounce upon the meaning or constitutionality of a state or federal law when it has no jurisdiction to do so is, by very definition, for a court to act ultra vires." *Id.*

"Pacific Lumber argue[d] that this principle require[d] [the court] to vacate the district court's March 15 order and extraneous statements contained in the May 5 order." 257 F.3d at 1074. "EPIC assert[ed] that Pacific Lumber [did] not have standing to appeal from the district court's ultra vires statements because the final judgment was entirely in Pacific Lumber's favor." *Id.* – 1075.

This Court noted that "[a]t the center of this standing controversy are the familiar concepts that courts ' review judgments, not statements in opinions,' [citation omitted], and that interlocutory orders entered prior to the judgment merge into the judgment."

257 F.3d at 1075. While noting that a party "not aggrieved" by a judgment generally cannot appeal from the same, this Court also noted "three prudential routes have developed by which a winning party may be deemed "aggrieved' by a favorable judgment, and thus be deemed to have standing to appeal." *Id.*

The second prudential route "recognize[s] that a winning party will be considered aggrieved by a favorable judgment if future economic loss will result to the party on account of adverse collateral rulings."[1] 257 F.3d at 1076. The third prudential route recognizes that "a prevailing party will meet the prudential standing requirement 'if the adverse [collateral ]ruling can serve as the basis for collateral estoppel in subsequent litigation.'"[2] *Id.* Holding that the "appeal does not qualify for prudential standing" this Court noted "our review is not completed" and "consider[ed] next whether the circumstances of this case render Pacific Lumber 'aggrieved' for other reasons." *Id.*

In that regard, this Court noted that "Article III of the Constitution prohibits federal courts from taking further action on the merits of moot cases" and that "[t]he Supreme Court has repeatedly emphasized that without jurisdiction the court cannot proceed at all in any cause." 257 F.3d at 1076 – 77. "Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." 257 F.3d at 1077.

---

[1] The risk of future legal consequences vis-à-vis collateral estoppel attributable to the district court's Findings of Fact in an contribution/indemnity action by Sands' employer provides the basis for vacatur.

[2] The risk of future legal consequences vis-à-vis collateral estoppel attributable to the district court's Findings of Fact in an contribution/indemnity action by Sands' employer provides the basis for vacatur.

This Court held "that the district court's decision to flout the dictates of Article III and render an opinion in spite of knowing the cause was moot did render Pacific Lumber an 'aggrieved party.'" 257 F.3d at 1077. Consequently, this Court "remand[ed] and order[ed] the district court to vacate its March 15 order and reform the May 5 5 order in accordance with this opinion." *Id.* Sands would submit that for all practical purposes, *Pacific Lumber* is directly on point and establishes that vacatur is proper and appropriate.

In *Goldin v. Bartholow*, 166 F.3d 710, 718 (5th Cir. 1999) the Fifth Circuit addressed a trustees' ability to appeal the district court's orders entered before and after the trust was dissolved ("having concluded that the trust terminated July 15, 1997, we must examine the effects of this determination"). The *Goldin* appellees contended that the termination of the trust stripped the trustee of standing and mooted the case. *Id.* While the Fifth Circuit "agree[d] that the bulk of the case is moot, [the Court found] that *the district court's decision must therefore be vacated rather than rendered unappealable by the termination of the trust*." *Id.* (italics added).

The Fifth Circuit acknowledged that "[m]ootness in this context is 'the doctrine of standing set in a time frame'" and that "[a] controversy is mooted when there are no longer an adverse parties with sufficient legal interests to maintain the litigation." 166 F.3d at 717. The Fifth Circuit noted that "[w]hen the trust terminates, the trustee no longer has any personal, substantial interest in the outcome of the litigation. His lack of standing would thus render the trust's claims against the appellees moot from the moment of termination." 166 F.3d at 718. While noting that the court "[had] no power under Article III to decide the merits of a case that is moot when it comes before [the court],"

the court also noted that it "*retain[ed] authority to order vacatur of a moot case*." *Id.* Addressing vacatur the court noted:

> Our disposition of a moot case may depend on when mootness occurred. If mootness occurred prior to the rendering of final judgment by the district court, vacatur and dismissal is automatic. The district court would not have had Article III jurisdiction to render the judgment, and we cannot leave undisturbed a decision that lacked jurisdiction. *See Iron Arrow Honor Society v. Heckler*, 464 U.S. 67, 104 S. Ct. 373, 376, 78 L. Ed. 2d 58 (1983); *New Left Education Project v. Board of Regents of University of Texas System*, 472 F.2d 218, 220 (5th Cir. 1973), vacated on other grounds, 414 U.S. 807. ("If the case became moot before a final adjudication, we must vacate the judgment and direct that the case be dismissed. The district court has no power to decide moot causes.").
>
> If a case becomes moot on appeal, the general rule is still to vacate the judgment of the lower court and remand with instructions to dismiss the case as moot. *See, e.g., United States v. Munsingwear*, 340 U.S. 36, 71 S. Ct. 104, 106-07, 95 L. Ed. 36 (1950) (leading case); *United States v. Sarmiento-Rozo*, 592 F.2d 1318, 1321 (5th Cir. 1979) However, this *Munsingwear* doctrine is an equitable one, justified as a means of avoiding the unfairness of a party's being denied the power to appeal an unfavorable judgment by factors beyond its control.

166 F.3d at 718-719.

If mootness occurred at bar prior to the rendering of final judgment by the district court, vacatur and dismissal is automatic. See *Pacific Lumber*, 257 F.3d at 1077 and

*Goldin,* 166 F. 3d at 718. If mootness occurred when the case is on appeal, vacatur is the established and automatic practice. *NASD Dispute Resolution, Inc. v. Judicial Council,* 488 F.3d 1065, 1068 (9th Cir. 2007). The same would also be consistent with the Supreme Courts desire of preventing unreviewable decisions from spawning any legal consequences. See *Camreta v. Greene,* 563 U.S. 692, 712, 131 S. Ct. 2020, 2035, 179 L. Ed. 2d 1118, 1136 (2011).

    C.    <u>United States v. Payton Supports Sands' Entitlement to Vacatur</u>

Plaintiffs cite *United States v. Payton*, 593 F.3d 881 (9th Cir. 2010) in support of the proposition that Sands "was victorious at the district court on compensation liability" and that this "legal win is not 'happenstance' for mootness purposes." Plaintiffs' Response at p. 8. Sands would suggest that describing the district court's orders as being favorable to him, or suggesting that he was victorious is misleading in light of the finding that he intentionally and knowingly violated the district court's preliminary injunction. In *Payton*, this Court recognized "that, when a case becomes moot in a court of appeal *prior* to decision, its mootness ordinarily requires not only dismissal of the appeal, but vacatur of the district court opinion being appealed." 593 F.3d at 884 (italics added).

In *Payton* this Court addressed "procedural issues that arose after the filing of [the 9th Circuit] opinion." 593 F.3d at 882. "The issues primarily concern[ed] post-opinion mootness and the question of whether [the] opinion should be vacated and the appeal dismissed as moot." *Id*. In denying vacatur, this Court summarized the major reasons:

First. The mootness in this case arose after our decision was issued (and, indeed, after the time for a petition for rehearing had run)." . . . Our case was a live controversy when we decided it.

Second. The mootness was brought about by the voluntary act of the party losing the decision now sought to be vacated. . . .

Third. Even if mootness were deemed to have been precipitated inexorably by our mandate, that fact can hardly amount to the kind of external 'happenstance' requiring vacatur in fairness to a party 'frustrated by the vagaries of circumstance.' Losing an appeal and dismissing charges in light of that loss can hardly be deemed external to the case.

Fourth and last. The government was deprived of no opportunity to contest our decision. It appealed, briefed and argued its position, and made a conscious decision not to petition for rehearing of our adverse decision after receiving an extension of time.

At bar, mootness, if any, did not arise after this Court issued its decision; was not brought about by any voluntary act by Sands; and was not caused by Sands losing the appeal and then seeking to dismiss the underlying action. *Payton* simply does not stand for the proposition that vacatur is not warranted because an alleged contemnor was not held jointly and severally liable for the compensation awarded to the victims. Furthermore, in the absence of vacatur, Sands will be of the opportunity to contest the district court's decision.

D. <u>Not Vacating and Remanding for Dismissal Would be Inequitable</u>

Plaintiffs argue that Sands has "failed to show any 'equitable entitlement' to vacatur" and that "[v]acatur would, on the other hand, be unjust to the Plaintiff class and detrimental to the public interest." Response at p 8 – 9.

"The equitable remedy of vacatur ensures that those that have been prevented from obtaining the review to which they are entitled [are] not . . . treated as if there had been a review." *Camreta v. Greene,* 563 U.S. 692, 712, 131 S. Ct. 2020, 2035, 179 L. Ed. 2d 1118, 1136 (2011), citing *Munsingwear*, 340 U.S. at 39. "The point of vacatur is to prevent an unreviewable decision 'from spawning *any legal consequences*,' so that no party is harmed by what we have called a 'preliminary' adjudication." 563 U.S. at 713 (italics added) citing *Munsingwear*, 340 U.S. at 40-41.

What is more equitable than insuring that an unreviewable decision does not spawn any legal consequences? The Supreme Court has explicitly stated that the same is the "point of vacatur." 563 U.S. at 713. Vacatur would not have any impact on Plaintiffs, or the Order re Victim Compensation. Plaintiffs' entitlement to compensation would be supported by the district court's findings that Sheriff Arpaio and Chief Deputy Sheridan committed civil contempt. *See e.g*. Plaintiffs' Response at p. 8 ("the district court found that the actions of numerous employees, including Sands, led to the violation of the rights of the Plaintiff class") and Findings of Fact (ER 0140 - 157).

## II. CONCLUSION

If this Court decides that Sands' appeal is moot, this Court should follow the established and automatic practice of vacating the district court's Findings of Fact, and remand the action with directions to dismiss the Order to Show Cause insofar as the same apply to Sands.

RESPECTFULLY SUBMITTED this 27th day of June, 2017.

        **LEWIS BRISBOIS BISGAARD & SMITH LLP**


        By /s/ Craig Murdy
        M. Craig Murdy (State Bar No. 011016)
        Email: Craig.Murdy@lewisbrisbois.com
        **LEWIS BRISBOIS BISGAARD & SMITH LLP**
        2929 North Central Avenue, Suite 1700
        Phoenix, Arizona 85012-2761
        Telephone (602) 385-1040
        Attorneys for Non-Party Appellant Brian Sands

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 27th day of June, 2017, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

I certify that all participants in the case are registered CM/ECF user, and service will be accomplished by the appellate CM/ECF system.

By /s/ M. Craig Murdy