FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 27 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MANUEL DE JESUS ORTEGA MELENDRES, on behalf of himself and all others similarly situated; et al.,<br><br>  Plaintiffs-Appellees,<br><br>UNITED STATES OF AMERICA,<br><br>  Intervenor-Plaintiff-Appellee,<br><br> v.<br><br>MARICOPA COUNTY and JOSEPH M. ARPAIO,<br><br>  Defendants,<br><br> v.<br><br>BRIAN SANDS, Non-Party Civil Contemnor,<br><br>  Movant-Appellant. | No.  16-16659<br><br>D.C. No. 2:07-cv-02513-GMS<br>District of Arizona,<br>Phoenix<br><br><br>ORDER |

Before: WALLACE, GRABER, and BERZON, Circuit Judges.

Before the court are two motions to dismiss this appeal, one filed by the individual Plaintiff-Appellees and one by the government. We conclude that Sands lacks standing to appeal and therefore GRANT the motions to dismiss. We also

DENY Sands' motions for vacatur.

Sands, as a non-party civil contemnor, lacks standing to appeal from the district court's judgment because he has suffered no adverse legal consequences as a result of that judgment. *See Union of Prof'l Airmen v. Alaska Aeronautical Indus., Inc.*, 625 F.2d 881, 884 (9th Cir. 1980). He has retired from the Maricopa County Sheriff's Office and therefore is not bound by any of the requirements the district court imposed on that office, and the district court declined to impose any personal financial liability on him. The speculative reputational harm he has posited is not sufficient to sustain his appeal, *see St. Pierre v. United States*, 319 U.S. 41, 43 (1943), and our dismissal of his appeal will preclude the application of collateral estoppel with respect to the district court's civil contempt finding in any future litigation. *See Envt'l Prot. Info. Ctr., Inc. v. Pac. Lumber Co.*, 257 F.3d 1071, 1076 (9th Cir. 2001) ("As collateral estoppel does not apply to an unappealable determination, simply holding a ruling unappealable eliminates any prospect of preclusion" (quoting *Sea-Land Serv., Inc. v. Dep't of Transp.*, 137 F.3d 640, 648 (D.C. Cir. 1998))). Additionally, the district court's denial of his motion for summary judgment on the civil contempt charge is not reviewable. *Banuelos v. Constr. Laborers' Trust Funds for S. Cal.*, 382 F.3d 897, 902 (9th Cir. 2004).

Nor is vacatur appropriate in this case. In substance, Sands requests that we

"line-edit the district court's ruling" to vacate the portions finding him in contempt. *See Nat. Res. Def. Council v. Gutierrez*, 457 F.3d 904, 906 (9th Cir. 2006). But he has "no standing to challenge the district court's legal rulings in the abstract." *Id.*; *see also Pac. Lumber*, 257 F.3d at 1075 ("[C]ourts 'review judgments, not statements in opinions' . . . ." (quoting *California v. Rooney*, 483 U.S. 307, 311 (1987))). Accordingly, his request for "appellate excision of the district court's ruling" that he committed civil contempt must be denied. *Gutierrez*, 457 F.3d at 906.

    **IT IS SO ORDERED.**